By the Court.
The order overruling the demurrer must be affirmed. In judging of the sufficiency of the defence which is set up in that part of the answer to which the demurrer relates, we are clearly of opinion that we have no right to reject from our consideration those parts of the answer which precede it. They must be read and construed in connexion. In determining the question, whether matters pleaded as a separate defence do or do not constitute a bar to the plaintiff’s recovery, it must in many cases be a material consideration, whether the allegations in the complaint are admitted or denied, since upon the one supposition a defence may he plainly insufficient, which upon the other would be as certainly valid.
Here the first paragraph in the answer explicitly denies that the Texas bond, if bond it may he called, was deposited with the defendant by Spooner, or any agent of Spooner. It denies, therefore, that there was any such bailment as the complaint alleges. Hence, upon the pleadings as they stand, the question whether a bailee can set up the title of a third person in opposition to that of his bailor, does not at all arise, and consequently the whole argument in support of the demurrer falls to the ground. If there was no relation of bailor ' and bailee between Spooner and the defendant, the plaintiff can only recover upon the ground that he is the true owner of the bond in question, and to his claim as such the facts set forth in *335 that part of the answer, which is covered by the demurrer, constitute a full defence.
It is not to be inferred from these remarks that had the defendant admitted that he received the bond as the bailee of Spooner, he could not, in our opinion, have interposed the defence which is now set up in his answer. The judges of this court who dScided the case of Bates v. Staunton, 1 Duer S. C. R., p. 85, were disposed to think that in actions like the present, “ the right of the true owner may be set up, in all cases where, upon his demand, the property has been in fact delivered to him before the commencement of the suit,” and Chancellor Kent has clearly expressed the same opinion—2 Kent’s Com., p. 567. It cannot, however, be said that the question is wholly free from doubt, and as we do not think it is properly before ns, we shall leave it undecided.
Holding the answer to he good, it is not necessary to express any opinion upon the objections that were taken to the complaint.
Order overruling demurrer affirmed, with costs,